## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CJ Products LLC and Ontel Products Corporation,

        Plaintiffs,

    v.

BTC Enterprises LLC d/b/a Toy Galaxy and Recai Sakar,

        Defendants.

Civil Action No. 1:2010cv05878

## ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND OF DEFENDANTS BTC ENTERPRISES LLC D/B/A/ TOY GALAXY AND RECAI SAKAR

Defendants BTC Enterprises LLC d/b/a Toy Galaxy ("Toy Galaxy") and Recai Sakar ("Sakar"), by their undersigned attorneys, answer the Complaint filed by Plaintiffs as follows:

## NATURE OF THE ACTION

1.    Admit that Plaintiffs' Complaint purports to state a claim under the Copyright Laws of the United States, 17 U.S.C. § 101 et seq., Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(a)), and related common law claims, and that by virtue of the pleaded claims in the Complaint, Plaintiffs purport to seek damages and recover costs as alleged. Except as expressly admitted herein, Defendants deny the merits and sufficiency of the claims asserted therein and any remaining allegations of Paragraph 1 under the "Nature of the Action" heading of the Complaint.

## JURISDICTION AND VENUE

1.    Paragraph 1 under the "Jurisdiction and Venue" heading of the Complaint contains legal assertions or conclusions to which no responsive pleading is required.  Except as

expressly admitted herein, Defendants deny the rest and remainder of Paragraph 1 under the "Jurisdiction and Venue" heading of the Complaint.

  2.  Paragraph 2 under the "Jurisdiction and Venue" heading of the Complaint contains legal assertions or conclusions to which no responsive pleading is required.  Except as expressly admitted herein, Defendants deny any remaining allegations of Paragraph 2 of this Section of the Complaint.

  3.  Paragraph 3 under the "Jurisdiction and Venue" heading of the Complaint contains legal assertions or conclusions to which no responsive pleading is required.  Except as expressly admitted herein, Defendants deny that they have caused any cognizable damages to Plaintiffs and any remaining allegations of Paragraph 3 of this Section of the Complaint.

## THE PARTIES

  2.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 under "The Parties" heading of the Complaint and, therefore, deny the same.

  3.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 under "The Parties" heading of the Complaint and, therefore, deny the same.

  4.  Toy Galaxy admits that it is a New York limited liability company with a principal place of business at 75 Gould St., Bayonne, NJ and denies any remaining allegations in Paragraph 4 of the Complaint.

  5.  Sakar admits that he is an individual and holds the title of President of Toy Galaxy and denies any remaining allegations in Paragraph 5 of the Complaint.

6.   Defendants admit that, since its creation until the present, Sakar has acted as President of Toy Galaxy.  Except as expressly admitted herein, Defendants deny any remaining allegations of Paragraph 6 of the Complaint.

7.   Defendants admit that Sakar is an officer and employee of Toy Galaxy.  Except as expressly admitted herein, Defendants deny any remaining allegations of Paragraph 7 of the Complaint.

8.   Defendants deny the allegations in Paragraph 8 of the Complaint.

9.   Defendants deny the allegations in Paragraph 9 of the Complaint.

10.   Defendants deny the allegations in Paragraph 10 of the Complaint.

## GENERAL ALLEGATIONS

11.   Defendants admit that a purported sampling of Plaintiffs' Products is attached as Exhibit A to the Complaint.  Defendants deny that the Marks are distinctive.  Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 11 of the Complaint and, therefore, deny the same.

12.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, deny the same.

13.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, deny the same.

14.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, deny the same.

15.   Defendants deny the allegations in Paragraph 15 of the Complaint.

16.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, deny the same.

17.   Defendants deny the allegations in Paragraph 17 of the Complaint.

18.   Defendants admit that copies of purported trademark registrations bearing numbers 3,762,061 and 3,762,062 are attached as Exhibit B to the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 18 of the Complaint and, therefore, deny the same.

19.   Defendants admit that copies of purported copyright registrations bearing numbers VA 1-674-376, VA 1-674-379, VA 1-678-130, VA 1-679-223, VA 1-678-142, VA 1-665-417, VA 1-674-366, VA 1-678-132, VA 1-674-374, VA 1-678-144, VA 1-674-364, VA 1-665-418, VA 1-674-373, VA 1-674-372, VA 1-678-138, VA 1-674-371, VA 1-679-221, VA 1-674-375, VA 1-678-146, VA 1-674-368, VA 1-674-377, VA 1-678-140, and VA 1-674-365 are attached as Exhibit C to the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 19 of the Complaint and, therefore, deny the same.

20.   Defendants admit the allegations in Paragraph 20 of the Complaint.

21.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, deny the same.

22.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, therefore, deny the same.

23.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, deny the same.

24.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, deny the same.

25.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, deny the same.

26.     Defendants deny that they have advertised, marketed, sold, or offered for sale infringing products or products nearly identical to any protectable elements of CJ's copyrighted works. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 26 of the Complaint and, therefore, deny the same.

27.     Defendants admit that copies of purported photographs of products and what purports to be a heavily redacted invoice are attached as Exhibit D to the Complaint. Defendants deny that the photographs attached as Exhibit D to the Complaint depict Defendants' products or that Defendants' products are infringing. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 27 of the Complaint and, therefore, deny the same.

28.     Defendants deny that Defendants sold or offered for sale items that infringe CJ's Marks and Copyright Works. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 28 of the Complaint and, therefore, deny the same.

29.     Defendants deny that they have identified Toy Galaxy's products by the name PILLOW PETS. To the extent that third parties may have used this term, the term is not distinctive but merely describes the characteristics of the goods marked. Except as expressly admitted herein, Defendants deny the remaining allegations of Paragraph 29 of the Complaint.

30.     Defendants admit that neither Plaintiffs nor any authorized agents of Plaintiffs have consented to Defendants' use of CJ's intellectual property. Defendants deny the remaining allegations of Paragraph 30 of the Complaint, except as Paragraph 30 sets forth legal conclusions to which no response is necessary.

31. Defendants deny the allegations in Paragraph 31 of the Complaint, except as Paragraph 31 sets forth legal conclusions to which no response is necessary.

32. Defendants deny the allegations in Paragraph 32 of the Complaint, except as Paragraph 32 sets forth legal conclusions to which no response is necessary.

## FIRST CAUSE OF ACTION

### (Infringement of Registered Trademarks)

### 115 U.S.C. § 1114 / Lanham Act § 32(a)

33. For their answer to Paragraph 33 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 32 above, inclusive, as if fully restated herein.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and, therefore, deny the same.

35. Defendants deny the allegations in Paragraph 35 of the Complaint, except as Paragraph 35 sets forth legal conclusions to which no response is necessary.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants admit that they have received no consent to use the Marks, but deny the remaining allegations of Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint, except as Paragraph 38 sets forth legal conclusions to which no response is necessary.

39. Defendants deny the allegations in Paragraph 39 of the Complaint, except as Paragraph 39 sets forth legal conclusions to which no response is necessary.

40. Defendants deny the allegations in Paragraph 40 of the Complaint, except as Paragraph 40 sets forth legal conclusions to which no response is necessary.

41.   Defendants deny the allegations in Paragraph 41 of the Complaint, except as Paragraph 41 sets forth legal conclusions to which no response is necessary.

42.   Defendants deny the allegations in Paragraph 42 of the Complaint.

43.   Defendants deny the allegations in Paragraph 43 of the Complaint, except as Paragraph 43 sets forth legal conclusions to which no response is necessary.

## SECOND CAUSE OF ACTION

### (Federal Copyright Infringement)

### 17 U.S.C. § 501(a)

44.   For their answer to Paragraph 44 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 32 above, inclusive, as if fully restated herein.

45.   Defendants lack knowledge or information sufficient as to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, except as Paragraph 45 sets forth legal conclusions to which no response is necessary.

46.   Defendants deny the allegations in Paragraph 46 of the Complaint.

47.   Defendants admit the allegations in Paragraph 47 of the Complaint, but deny that they have infringed upon any copyright of Plaintiffs.

48.   Defendants deny the allegations in Paragraph 48 of the Complaint, except as Paragraph 48 sets forth legal conclusions to which no response is necessary.

49.   Defendants deny the allegations in Paragraph 49 of the Complaint, except as Paragraph 49 sets forth legal conclusions to which no response is necessary.

50.   Defendants deny the allegations in Paragraph 50 of the Complaint, except as Paragraph 50 sets forth legal conclusions to which no response is necessary.

## THIRD CAUSE OF ACTION

### (False Designation of Origin & Unfair Competition)

### 115 U.S.C. § 1125(a) / Lanham Act § 43(a)

51.    For their answer to Paragraph 51 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 32 above, inclusive, as if fully restated herein.

52.    Defendants deny the allegations in Paragraph 52 of the Complaint, except as Paragraph 52 sets forth legal conclusions to which no response is necessary.

53.    Defendants deny the allegations in Paragraph 53 of the Complaint, except as Paragraph 53 sets forth legal conclusions to which no response is necessary.

54.    Defendants deny the allegations in Paragraph 54 of the Complaint, except as Paragraph 54 sets forth legal conclusions to which no response is necessary.

55.    Defendants deny the allegations in Paragraph 55 of the Complaint, except as Paragraph 55 sets forth legal conclusions to which no response is necessary.

56.    Defendants deny the allegations in Paragraph 56 of the Complaint, except as Paragraph 56 sets forth legal conclusions to which no response is necessary.

57.    Defendants deny the allegations in Paragraph 57 of the Complaint, except as Paragraph 57 sets forth legal conclusions to which no response is necessary.

58.    Defendants deny the allegations in Paragraph 58 of the Complaint, except as Paragraph 58 sets forth legal conclusions to which no response is necessary.

59.    Defendants deny the allegations of Paragraph 59 of the Complaint, except as Paragraph 59 sets forth legal conclusions to which no response is necessary.

60.    Defendants deny the allegations in Paragraph 60 of the Complaint, except as Paragraph 60 sets forth legal conclusions to which no response is necessary.

## FOURTH CAUSE OF ACTION

### (Dilution)

### 15 U.S.C. § 1125(c)

61.   For their answer to Paragraph 61 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 32 above, inclusive, as if fully restated herein.

62.   Defendants deny the allegations in Paragraph 62 of the Complaint, except as Paragraph 62 sets forth legal conclusions to which no response is necessary.

63.   Defendants deny the allegations in Paragraph 63 of the Complaint, except as Paragraph 63 sets forth legal conclusions to which no response is necessary.

64.   Defendants deny the allegations in Paragraph 64 of the Complaint, except as Paragraph 64 sets forth legal conclusions to which no response is necessary.

65.   Defendants deny the allegations in Paragraph 65 of the Complaint, except as Paragraph 65 sets forth legal conclusions to which no response is necessary.

66.   Defendants deny the allegations in Paragraph 66 of the Complaint, except as Paragraph 66 sets forth legal conclusions to which no response is necessary.

## FIFTH CAUSE OF ACTION

### (Violation of Deceptive Trade Practices Act)

### N.Y. Gen. Bus. Law § 349

67.   For their answer to Paragraph 67 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 32 above, inclusive, as if fully restated herein.

68.   Defendants deny the allegations in Paragraph 68 of the Complaint, except as Paragraph 68 sets forth legal conclusions to which no response is necessary.

## SIXTH CAUSE OF ACTION

### (False Advertising)

### N.Y. Gen. Bus. Law § 350

69.    For their answer to Paragraph 69 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 32 above, inclusive, as if fully restated herein.

70.    Defendants deny the allegations in Paragraph 70 of the Complaint, except as Paragraph 70 sets forth legal conclusions to which no response is necessary.

## SEVENTH CAUSE OF ACTION

### (Unfair Competition)

### New York Common Law

71.    For their answer to Paragraph 71 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 32 above, inclusive, as if fully restated herein.

72.    Defendants deny the allegations in Paragraph 72 of the Complaint, except as Paragraph 72 sets forth legal conclusions to which no response is necessary.

73.    Defendants deny the allegations in Paragraph 73 of the Complaint, except as Paragraph 73 sets forth legal conclusions to which no response is necessary.

74.    Defendants deny the allegations in Paragraph 74 of the Complaint, except as Paragraph 74 sets forth legal conclusions to which no response is necessary.

75.    Defendants deny the allegations in Paragraph 75 of the Complaint, except as Paragraph 75 sets forth legal conclusions to which no response is necessary.

76.    Defendants deny the allegations in Paragraph 76 of the Complaint, except as Paragraph 76 sets forth legal conclusions to which no response is necessary.

77.   Defendants deny the allegations of Paragraph 77 of the Complaint, except as Paragraph 77 sets forth legal conclusions to which no response is necessary.

78.   Defendants deny the allegations of Paragraph 78 of the Complaint, except as Paragraph 78 sets forth legal conclusions to which no response is necessary.

79.   Defendants deny the allegations of Paragraph 79 of the Complaint.

## EIGHTH CAUSE OF ACTION

### (Unjust Enrichment)

80.   For their answer to Paragraph 80 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 32 above, inclusive, as if fully restated herein.

81.   Defendants deny the allegations in Paragraph 81 of the Complaint, except as Paragraph 81 sets forth legal conclusions to which no response is necessary.

82.   Defendants deny the allegations in Paragraph 82 of the Complaint, except as Paragraph 82 sets forth legal conclusions to which no response is necessary.

## FIRST AFFIRMATIVE DEFENSE

83.   The Complaint, and each cause of action thereof, fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

84.   Plaintiffs' common law and state statutory claims are preempted by federal law.

## THIRD AFFIRMATIVE DEFENSE

85.   This Court lacks personal jurisdiction over Sakar.

11

## FOURTH AFFIRMATIVE DEFENSE

86.   Plaintiffs' claims arising from the trademarks whose purported registrations are attached to the Complaint as Exhibit B are not for lawful rights such as may be granted pursuant to pertinent provisions of Title 15 of the United States Code.

## FIFTH AFFIRMATIVE DEFENSE

87.   Plaintiffs have, through the uncontrolled licensing of the Marks and their failure to protect the value of the Marks, abandoned any and all rights in the Marks.

## SIXTH AFFIRMATIVE DEFENSE

88.   CJ misrepresented the nature and extent of its use in commerce of the marks at the time it submitted its trademark applications.  CJ's applications claimed that its marks had been used in connection with the goods identified therein, when in fact, at the time such applications were filed, no such use had been made.  Thus, CJ's trademark registrations were procured by virtue of fraudulent misrepresentations submitted to the United States Patent and Trademark Office (the "PTO") for the purpose of and with the effect of inducing the PTO to issue such registrations.

## SEVENTH AFFIRMATIVE DEFENSE

89.   Plaintiffs cannot demonstrate any likelihood that the public will be confused or misled as to the source of Toy Galaxy's goods or that Toy Galaxy's goods are associated with, or endorsed by, Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

90.   Infringement by Defendants, if any, of any rights claimed by Plaintiffs in any design, nickname, or mark was innocent and wholly without knowledge by Defendants of any such rights.

## NINTH AFFIRMATIVE DEFENSE

91.    Defendants' products were independently created without reference to Plaintiffs' Products.

## TENTH AFFIRMATIVE DEFENSE

92.    Plaintiffs' Products lack originality and are therefore not protectable by copyright.

## ELEVENTH AFFIRMATIVE DEFENSE

93.    To the extent that any protectable expression contained in Plaintiffs' Products was used in Defendants' products, such use is protected, and not actionable, under the doctrine of fair use.

## TWELFTH AFFIRMATIVE DEFENSE

94.    To the extent that any protectable expression contained in Plaintiffs' Products was used in Defendants' products, such use is de minimus.

## THIRTEENTH AFFIRMATIVE DEFENSE

95.    Plaintiffs'' claims are barred as a result of Plaintiffs' unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

96.    Plaintiffs are not precluded, by virtue of the doctrines of estoppel by laches and estoppel by acquiescence, from asserting their purported rights.

## FIFTEENTH AFFIRMATIVE DEFENSE

97.    Plaintiffs, through their own actions, conduct, and failure to act, waived any right to relief.

**WHEREFORE,** Defendants demand judgment dismissing the Complaint in its entirety, for their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, and such other and further relief as the Court deems just, proper, and equitable.

## COUNTERCLAIMS

In support of their counterclaims hereinafter set forth, Defendants aver as follows:

### JURISDICTION AND VENUE

98.   This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), in that the case arises out of claims for false advertising under the Lanham Act (15 U.S.C. § 1051 *et seq.*); and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367(a) and 1338(a)-(b).

99.   Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(a).

### THE PARTIES

100.   Counterclaim Plaintiff BTC Enterprises LLC d/b/a Toy Galaxy (hereinafter "Toy Galaxy") is a New York limited liability company having a place of business at 75 Gould Street, Bayonne, New Jersey 07002.

101.   Counterclaim Defendant Ontel Products Corporation (hereinafter "Ontel") on information set forth in the Complaint is a New Jersey corporation having a principal place of business at 21 Law Drive, Fairfield, New Jersey 07004.

### GENERAL ALLEGATIONS

102.   Counterclaim Plaintiff is a gift and toy company involved in, among other things, the sale and distribution of gift and toy products.  One of the components of Counterclaim Plaintiff's business encompasses the sale and distribution of its distinctive SMOOSHIE PETS™ (the "Smooshie Pets Mark") that is applied to a combination of a stuffed animal and functional pillow product.

103.  On information set forth in the Complaint, Counterclaim Defendant sells its products through national direct response television commercials commonly called "As Seen On TV" and through its and its retail customers' websites on the Internet.

104.  On information and belief, Counterclaim Defendant is the owner of the domain name pillowpets.tv.

105.  On information and belief, Counterclaim Defendant owns the web site hosted at www.pillowpets.tv.  A true and correct screen capture of the web site hosted at www.pillowpets.tv (the "Website") is attached hereto as Exhibit A.  The web page depicts a television displaying the words "as seen on TV."

106.  On information and belief, Counterclaim Defendant caused a link to the Website (the "Link") to be returned as the first result in a search of the Smooshie Pets Mark using the Google® search engine.  A true and correct copy of the results of a search of the Smooshie Pets Mark using the Google® search engine is attached hereto as Exhibit B.

107.  By following the Link, a page on the Website appears displaying the Smooshie Pets Mark (the "Smooshie Pets Page").  A true and correct copy of the Smooshie Pets Page is attached hereto as Exhibit C.

108.  By use of the Smooshie Pets Mark on the Website, Counterclaim Defendant violated Counterclaim Plaintiff's exclusive rights in the Smooshie Pets Mark, infringing Counterclaim Defendant's Smooshie Pets Mark so as to confuse consumers and aid in the promotion and sales of its unauthorized products.  Counterclaim Defendant's conduct and use began long after Counterclaim Plaintiff's adoption and use of the Smooshie Pets Mark. Counterclaim Defendant had knowledge of Counterclaim Plaintiff's ownership of the Smooshie Pets Mark prior to the actions alleged herein, and adopted the Smooshie Pets Mark in bad faith

with the intent to cause confusion. Neither Counterclaim Plaintiff nor its authorized agents have

consented to Counterclaim Defendant's use of the Smooshie Pets Mark.

109. Counterclaim Defendant's actions were committed in bad faith and with the intent

to cause confusion and mistake, and to deceive the consuming public and the public at large as to

the source, sponsorship, and/or affiliation of Counterclaim Defendant and/or Counterclaim

Defendant's unauthorized goods. By its wrongful conduct, Counterclaim Defendant has traded

upon and diminished Counterclaim Plaintiff's good will.

110. In committing these acts, Counterclaim Defendant has, among other things,

willfully and in bad faith committed the following, all of which has and will continue to cause

irreparable harm to Counterclaim Plaintiff: (i) infringed Counterclaim Plaintiff's rights in the

Smooshie Pets Mark; (ii) misled the public into believing there is an association or connection

between Counterclaim Defendant and Counterclaim Plaintiff and/or the products advertised and

sold by Counterclaim Defendant and Counterclaim Plaintiff; (iii) used false designations of

origin on or in connection with its goods and services; (iv) committed unfair competition; and (v)

unfairly profited from such activity. Unless enjoined, Counterclaim Defendant will continue to

cause irreparable harm to Counterclaim Plaintiff.

### FIRST CAUSE OF ACTION

### (False Advertising in Violation of 15 U.S.C. § 1125(a))

111. Counterclaim Plaintiff repeats and realleges the allegations contained in Paragraphs

98 through 110, inclusive.

112. Counterclaim Defendant's foregoing use of the Smooshie Pets Mark is a use in

interstate commerce of words and/or symbols, a false designation of origin, and/or a false

description or representation. Such use has misled and deceived, and will continue to mislead or

deceive, the public into believing that Counterclaim Defendant's counterfeit and infringing merchandise originates with Counterclaim Plaintiff, is licensed by Counterclaim Plaintiff, or is in some way sanctioned by, or otherwise affiliated with, Counterclaim Plaintiff.

113.  Counterclaim Defendant's unauthorized association of the counterfeit and infringing merchandise with Counterclaim Plaintiff has resulted in profits to Counterclaim Defendant and has thereby deprived Counterclaim Plaintiff of revenue to which it is entitled.

114.  By so imitating, counterfeiting, and infringing Counterclaim Plaintiff's Smooshie Pets Mark in interstate commerce, Counterclaim Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

115.  By reason of the foregoing, Counterclaim Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. § 1116 *et seq.*

## SECOND CAUSE OF ACTION

### (Unfair Competition)

116.  Counterclaim Plaintiff repeats and realleges the allegations contained in Paragraphs 98 through 110, inclusive.

117.  Counterclaim Defendant's use of copies of the Smooshie Pets Mark constitutes passing off, infringement, and misappropriation of the Smooshie Pets Mark, actionable under the law of unfair competition.

118.  By reason of the foregoing, Counterclaim Plaintiff has been injured in an amount not yet ascertained, and is entitled to monetary and equitable remedies.

## THIRD CAUSE OF ACTION

### (False Advertising in Violation of New York General Business Law §§ 349 and 350)

119.  Counterclaim Plaintiff repeats and realleges the allegations contained in Paragraphs 98 through 110, inclusive.

120.  Counterclaim Defendant's misappropriation, counterfeiting, and infringement of the Smooshie Pets Mark represent a deliberate attempt to mislead customers into believing that Counterclaim Defendant is in some manner affiliated with or sanctioned by Counterclaim Plaintiff.

121.  By engaging in such false and misleading advertising, Counterclaim Defendant has engaged in deceptive acts or practices in violation of New York General Business Law § 349 and false advertising in violation of New York General Business Law § 350.

122.  Upon information and belief, such violations have resulted in profits to Counterclaim Defendant and have substantially harmed Counterclaim Plaintiff by depriving it of revenue to which it is entitled.

123.  By reason of the foregoing, Counterclaim Plaintiff is entitled to the remedies provided for in New York General Business Law §§ 349 and 350.

## FOURTH CAUSE OF ACTION

### (Common Law Trademark Infringement)

124.  Counterclaim Plaintiff repeats and realleges the allegations contained in Paragraphs 98 through 110, inclusive.

125.  Counterclaim Defendant's use of the Smooshie Pets Mark in commerce without the consent of Counterclaim Plaintiff, for the purpose of manufacturing and/or selling counterfeit and infringing merchandise, has caused and continues to cause confusion, mistake, and deception in the minds of the public in violation of the common law of the State of New York.

126. By reason of the foregoing, Counterclaim Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for the common law of the State of New York.

WHEREFORE, Counterclaim Plaintiff demands that judgment be entered against Counterclaim Defendant as follows:

A.     That Counterclaim Defendant, its officers, agents, servants, and employees, and all persons in concert or participation with Counterclaim Defendant, be preliminarily and permanently enjoined from:

      1)     Infringing Counterclaim Defendant's Smooshie Pets Mark;

      2)     Selling or marketing merchandise in any way that tends to deceive, mislead, or confuse the public into believing that Counterclaim Defendant's merchandise is in any way sanctioned by or affiliated with Counterclaim Plaintiff; and

      3)     Otherwise competing unfairly with Counterclaim Plaintiff.

B.     That Counterclaim Defendant be directed to file with this Court and serve on Counterclaim Plaintiff within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which Counterclaim Defendant has complied with the injunction;

C.     That Counterclaim Defendant be required to account for and pay over to Counterclaim Plaintiff all gains, profits, and advantages realized from the sale of counterfeit and infringing merchandise;

D.     That Counterclaim Defendant be required to pay to Counterclaim Plaintiff such damages as Counterclaim Plaintiff has sustained as a consequence of Counterclaim Defendant's acts of trademark infringement, false advertising, and unfair competition, including multiple

damages in the amount of three times the damages sustained by Counterclaim Plaintiff, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

E.     That Counterclaim Defendant be required to deliver up for destruction all products, packaging, labels, literature, advertising, websites, and other material bearing copies, imitations, or reproductions, including confusingly similar variations of, the Smooshie Pets Mark;

F.     That Counterclaim Defendant be required to pay Counterclaim Plaintiff's costs, expenses, and reasonable attorneys' fees in connection with this action, as provided in 15 U.S.C. § 1117; and

G.     That Counterclaim Plaintiff have such other, further, and different relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Counterclaim Plaintiff respectfully demands a trial by jury in this action.

Date:  September 7, 2010                 s/ James R. Muldoon

James R. Muldoon (Bar Roll No. JM1985)
Denis J. Sullivan  (Bar Roll No. DS0879)
MARJAMA MULDOON BLASIAK & SULLIVAN LLP
250 South Clinton St., Suite 300
Syracuse, NY 13202
Telephone:     (315) 425-9000
Facsimile:     (315) 425-9114
*Attorneys for Defendants BTC Enterprises LLC
d/b/a Toy Galaxy and Recai Sakar.*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CJ Products LLC and Ontel Products Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BTC Enterprises LLC d/b/a Toy Galaxy and Recai Sakar,<br>Defendants. | Civil Action No. 1:2010cv05878 |

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2010, I electronically filed the documents listed below with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

> EPSTEIN DRANGEL BAZERMAN & JAMES, LLP
> Jason M. Drangel (JMD 7204)
> Robert L. Epstein (RE8941)
> William C. Wright (WCW 2213)
> 60 East 42nd Street, Suite 820
> New York, NY 10165
> *Attorneys for Plaintiffs*

*Document Served*:

1.      Answer, Affirmative Defenses, Counterclaims, and Jury Demand of Defendants BTC Enterprises LLC D/B/A Toy Galaxy and Recai Sakar.

Date:  September 7, 2010

*s/ James R. Muldoon*

_____
James R. Muldoon (Bar Roll No. JM1985)
Denis J. Sullivan  (Bar Roll No. DS0879)
MARJAMA MULDOON BLASIAK & SULLIVAN LLP
250 South Clinton St., Suite 300
Syracuse, NY 13202
Telephone:     (315) 425-9000
Facsimile:     (315) 425-9114
*Attorneys for Defendants BTC Enterprises LLC*
*d/b/a Toy Galaxy and Recai Sakar*

1

# EXHIBIT "A"



# EXHIBIT "B"



File   Edit   View   History   Bookmarks   Tools   Help

http://www.google.com/search?q=smooshie+pets&ie=utf-8&oe=utf-8&aq=t&rls=org.mozilla:en-US:official&client=fire

Most Visited   Getting Started   Latest Headlines   Live Search Traffic   MSN Entertainment   MSN Money   MSN SlideShow   MSN

smooshie pets - Google Search

**Web   Images   Videos   Maps   News   Shopping   Gmail   more** ▼

# Google

smooshie pets

About 2,790 results (0.21 seconds)

 **Everything**

 Videos

▼ **More**

▼ Show search tools

### Pillow Pets TV - **Smooshie Pets**
These adorable pillow **pets** have many functionality: you can **PET** them, can use as a pillow when NAP time, and they can be your best PAL during travels. ...
pillow**pets**.tv/collections/vendors?constraint...pet...**Smooshie+Pets** - Cached

### Pillow **Pets** just as hard to get as Zhu Zhu - Bargain Hunters ...
11 posts - 8 authors - Last post: Dec 7, 2009
That is when I decided to search good ole Amazon and eBay. I bought a **smooshie pet** (puppy) and it looks pretty similar. ...
community.babycenter.com › ... › Unsolicited Advice - Cached - Similar

### Polish - **Smooshie** - Small - Adult - Male - Rabbit | Warren | eBay ...
May 26, 2010 ... Polish - **Smooshie** - Small - Adult - Male - Rabbit Update 11/9/09:
**Smooshie** has been neutered and had to have his teeth trimmed.
detroit.ebayclassifieds.com/...**pets**/.../polish-smooshie-small-adult-male-rabbit/?... - Cached

### Videos for **smooshie pets**

 **Smooshie** Review
33 sec - Jul 17, 2009
Uploaded by mgagliano
www.youtube.com

 EdenPure Video #1 (Tiny & **Smooshie** 1)
8 min - Jun 17, 2009
Uploaded by EdenPureRPG
www.youtube.com

### Smooshie pictures, photos, and videos, from rabbits on webshots
**Smooshie** pictures published by looshop. ... <a href="http://www.webshots.com/explains/pets/%s.html" class="allTags" title="all member %s photos and ...
**pets**.webshots.com/album/576220183iSIWlk - Cached - Similar

### Smooshie @ YouPet.com
Jan 4, 2010 ... YouPet.com profile for **Smooshie**. A 5Y old Male Himalayan Cat from Londonderry, NH, United States.
www.youpet.com/pet/104362 - Cached

### SuperPokel Pets — smooshie
Aug 3, 2010 ... SuperPokel **Pets**™ Slide Inc. ® 2010. FAQ | Privacy Policy | Terms of Use | Copyright. Coins Awarded! You now have 0 coins. ...

Done

# EXHIBIT "C"

