*Holwell, J*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

1 0

CJ Products LLC and Ontel Products Corporation,

      Plaintiffs,

v.

BTC Enterprises LLC d/b/a Toy Galaxy and Recai
Sakar,

      Defendants.

Civil Action No. 1:2010cv05878

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/17/10
```

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by the Parties through their respective counsel of record
that, pursuant to Federal Rule of Civil Procedure 26(c), the following protective order be entered
by the Court:

### Scope And Parties

1.    This Stipulation and Protective Order Governing Confidentiality ("Protective
Order") shall apply to all information, materials or things subject to discovery in this action,
("Discovery Material") including, without limitation, documents, testimony, inspections, and
responses provided pursuant to the Federal Rules of Civil Procedure, which contain confidential
or trade secret information. As used herein, the term "Party" shall mean: Plaintiffs CJ Products
LLC and Ontel Products Corp. ("CJ Products") or Defendants BTC Enterprises LLC d/b/a Toy
Galaxy and Recai Sakar ("Toy Galaxy"), or any later named plaintiff or defendant.

2.    Documents and information obtained by or made available to any Party by means
other than through the discovery provisions of the Federal Rules of Civil Procedure or analogous
provisions of state or foreign law shall not be subject to this Protective Order. Furthermore,

nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the designating Party consents in writing to such disclosure or if the Court allows such disclosure as provided for in Paragraphs 17 and 22.

Two-Tiered Designations

3.      The Discovery Material may be designated, in appropriate circumstances as (1) "CONFIDENTIAL;" or (2) "CONFIDENTIAL - ATTORNEYS ONLY." Discovery Material designated as "CONFIDENTIAL" potentially may include, but is not necessarily limited to, technical, marketing, business and trade information generally unknown to the public. Discovery Material designated as "CONFIDENTIAL - ATTORNEYS ONLY" shall include financial information, invention information, unpublished pending and abandoned patent applications, information regarding future products and business strategies, and all other information that is a trade secret. The identification of Discovery Materials with either of these designations is referred to herein as "Confidential Designation" or "Designated Pursuant To This Protective Order."

4.      Any Party or any third party not named in this action that produces materials or information in discovery in this case may make Confidential Designations on Discovery Material for which the producing Party or third party believes there is good cause for confidential treatment consistent with the designation level. Any Confidential Designations shall be made in good faith, and the Court may impose sanctions for making any Confidential Designations not in good faith.

Time and Manner of Designation

5.      The Confidential Designation of documents and other information need not be made prior to the inspection of such documents or other information by Outside Counsel of

2

Record (as defined below) for the receiving Party, but shall be made at or prior to the furnishing of copies by affixing to every page a stamp bearing the words "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" in a location that makes the designation readily apparent. The Confidential Designation may also be affixed to any documents generated in the course of this litigation, including portions of briefs, memoranda or any other writings filed with the Court, which reveals any material with a Confidential Designation.

6.     Any party wishing to designate deposition testimony or documents submitted as exhibits to a deposition pursuant to this Protective Order must do so either on the record at the time of the designated testimony or up to ten (10) days after receipt of the final transcript. The transcript of testimony shall reasonably delineate the beginning and end of designated and non-designated testimony, with any page of the transcript that contains designated testimony bearing a prominent Confidential Designation. Testimony relating to exhibits designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" shall be designated the same as such exhibits. Separate transcripts of designated and non-designated testimony shall not be prepared.

7.     A Party shall have the right to request Confidential Designation for documents called for by subpoena to a third party, in cases where the documents were provided by the Party to the third party, or vice-versa, pursuant to an agreement that the information was primarily provided on a confidential or highly confidential basis, provided such request is made to the third party, and copied to the other Party, within fourteen (14) days of production of the documents to the requesting Party or its counsel.

3

## Use Of Designated Materials

8.      Unless otherwise ordered by the Court, all information, materials or things with a Confidential Designation shall be held by the receiving Party and its Outside Counsel of Record solely for use in connection with, and only as necessary to this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any business, governmental or regulatory purpose or function, except as may be subpoenaed by any court, administrative or legislative body.  In the event that the receiving Party makes copies of any of the information, materials, or things identified by a Confidential Designation for use in connection with this litigation, then the receiving Party shall ensure that all such copies bear the same legend as the originals from which such copies were made.

9.      If documents marked with a Confidential Designation are called for in a subpoena by someone who is not a Party to this action, the receiving Party to whom the subpoena is directed shall immediately give written notice thereof to each Party that has designated the documents and shall provide each such designating Party with an opportunity to object to the production of such documents in response to the subpoena.  The Receiving Party is not required to challenge or appeal any order requiring production of such information or the subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

10.      Material filed with the Court that has been Designated Pursuant To This Protective Order for any purpose shall be filed in a sealed envelope or other opaque container, covered by a caption page marked with one of the following statements, whichever is appropriate:

"FILED UNDER SEAL

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

Or

"FILED UNDER SEAL

CONFIDENTIAL-ATTORNEYS ONLY–SUBJECT TO PROTECTIVE ORDER"

For the convenience of the Parties and the Court, a Party that files a paper containing any Confidential Designation as well as non-confidential material may file the entire paper under seal, however, the paper shall particularly designate and delineate the information or material that is subject to a Confidential Designation. If any Party fails to file protected documents or information under seal, the producing Party or the Party claiming the confidentiality of the documents or information may request that the Court place the filed documents or information under seal.

Failure To Designate

11. If a producing Party inadvertently produces any material properly entitled to a Confidential Designation without marking it with the appropriate legend, the producing Party may give written notice to the receiving Party, including appropriately designated and stamped copies of the material, that the document or information is deemed Designated Pursuant To The Protective Order and should be treated as such in accordance with the provisions of this Protective Order. Upon notification of the Confidential Designation of the document or other information, the receiving Party shall use its reasonable and good faith efforts to collect all copies of the inadvertently-produced document or other information from persons not entitled to access to such document or information had it been properly designated, and the document or other information shall thereafter be treated as if it had been timely Designated Pursuant To This

5

Protective Order.  If the receiving Party is subject to excessive costs or burden in connection with undertaking to comply with this Paragraph, then the producing Party shall reimburse the receiving Party for the reasonable expenses incurred in connection therewith.  In no event shall the inadvertent disclosure by the producing Party of documents or other information without the appropriate Confidential Designation legend be deemed to be a waiver in whole or in part of the producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or a related subject.

Experts

12.     The term "Independent Expert" shall be defined as any person with whom a Party may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof, provided such person is not an employee of such Party and has not been a consultant within the last year for such Party except as an expert specially retained for or in anticipation of litigation or preparation for trial in any case.

Persons Allowed To Receive Designated Information

13.     Except with the prior written consent of the Parties or upon prior order of the Court obtained upon noticed motion, material designated as "CONFIDENTIAL" shall not be shown, delivered or disclosed to any person other than:

(a)     Outside Counsel of Record for each Party, provided that counsel has entered an appearance in this case.  This includes clerical, secretarial and administrative employees of such counsel assigned to assist in the preparation of this litigation (hereinafter "Outside Counsel of Record");

(b)     Two internal representatives of each Party who are designated in writing by each Party to all other Parties immediately following the entry of this Protective Order;

6

(c)     Employees of any professional photocopy service utilized by counsel in the preparation of this litigation;

(d)     Any author, recipient (actual or alleged) or producing Party of such "CONFIDENTIAL" material;

(e)     The Court and any persons employed by the Court whose duties require access to such material;

(f)     Any Independent Expert retained by any Party to assist in the preparation of this case or to testify at trial or any other proceeding in this action, provided the documents disclosed pertain to the expected consultation or testimony of the Independent Expert and the disclosing Party complies with Paragraph 15. This includes secretarial and clerical employees associated with such person; and

(g)     Court reporters and other persons involved in recording testimony in this action by any means.

14.     Except with the prior written consent of the Parties or upon prior order of the Court obtained upon noticed motion, material designated as "CONFIDENTIAL - ATTORNEYS ONLY" shall not be shown, delivered or disclosed to any person other than:

(a)     Outside Counsel of Record for each Party;

(b)     Employees of any professional photocopy service utilized by counsel in the preparation of this litigation;

(c)     Any author, recipient (actual or alleged) or producing Party of such "CONFIDENTIAL - ATTORNEYS ONLY" material;

(d)     The Court and any persons employed by the Court whose duties require access to such material;

(e)     Any Independent Expert retained by any Party to assist in the preparation of this case or to testify at trial or any other proceeding in this action, provided the documents disclosed pertain to the expected consultation or testimony of the Independent Expert and the disclosing Party complies with Paragraph 15.  This includes secretarial and clerical employees associated with such person; and

(f)     Court reporters and other persons involved in recording testimony in this action by any means.

15.     The procedure for the Party desiring to reveal material Designated Pursuant To This Protective Order to any of the persons referred to in Paragraphs 13(f) or 14(e) above shall be as follows:

(a)     The Party seeking to reveal such material Designated Pursuant To This Protective Order shall, at least ten (10) days prior to disclosure of such material to such persons, provide the following information to the designating Party:

i)     The name and residential address and telephone number of the person to whom the Party desires to reveal material Designated Pursuant To This Protective Order; and

ii)     The name of the present employer and job title of the person.  In addition, the Party seeking to reveal material Designated Pursuant To This Protective Order shall obtain a signed Undertaking, in the form attached hereto as Exhibit A, from such person, stating that the person has read this Protective Order, understands its provisions, agrees to be bound thereby, and agrees to be subject to the jurisdiction of this Court in any proceedings relative to enforcement of the Protective Order.  Counsel shall maintain a complete record of every original signed Undertaking obtained from any person pursuant to this Paragraph.

(b)     Within ten (10) days of receipt of the information and Undertaking described in Paragraph 15(a), the designating Party may object in writing to the disclosure of material Designated Pursuant To This Protective Order to the person whom the Party seeks to

disclose such material if the designating Party believes that there is a reasonable likelihood that such person:

        (i)      Is not an Independent Expert;

        (ii)     May use the material Designated Pursuant To This Protective Order for purposes other than the preparation or trial of this case; or

        (ii)     Possesses confidential information of the designating Party.

Failure to object in writing within ten (10) days to the proposed disclosure of material Designated Pursuant To This Protective Order shall be deemed a consent to such disclosure.

        (c)     If an objection to the disclosure of material Designated Pursuant To This Protective Order pursuant to this Paragraph 15 is not resolved by the parties within ten (10) days of service of the written notice of objection described in Paragraph 15(b), the Party desiring to disclose information may file a motion with respect to such objection within twenty (20) days of service of the notice of objection. If such a motion is filed, the disclosure of material Designated Pursuant To This Protective Order to the person objected to shall be withheld pending the ruling of the Court on any such motion.

Use of Designated Information in Court

     16.     Neither the provisions of this Protective Order nor the filing of any information under seal shall prevent the use, in open court, at any hearing or at trial of this case, of any material that is subject to this Protective Order or filed under seal pursuant to its provisions. The Parties shall meet and confer concerning appropriate methods for dealing with material Designated Pursuant To This Protective Order at hearings and at trial.

9

### Challenging the Status of Designated Information

17.     Unless and until otherwise ordered by the Court or agreed to in writing by the Parties, all material Designated Pursuant To This Protective Order shall be treated in accordance with its designation and shall not be disclosed except under the terms of this Protective Order.

(a)     In the event that either Party objects to the designation of any document or other material, such Party may, in writing, request the designating Party to remove or change the designation. Such written request shall specifically identify the document or other material at issue.

(b)     The designating Party shall respond in writing within ten (10) business days of receipt of the written request, or within such other period of time as may be designated by order of the Court or agreed to by the parties. If the designating Party refuses to remove or change the designation as requested, its written response shall state the reasons for this refusal. Notwithstanding the foregoing, failure to provide a timely written response shall be deemed a refusal of the request.

(c)     If the designating Party fails to respond to a request or refuses to remove or change the designation, the Party requesting re-designation shall have twenty (20) days to file a motion seeking such re-designation. It shall be the burden of the designating Party under such circumstances to establish by a preponderance of the evidence that the information is correctly designated within the meaning of this Protective Order.

(d)     In the event of such a motion, the material at issue may be submitted to the Court for in camera inspection.

18.     This Protective Order shall not constitute a waiver of either Party's rights under the Federal Rules of Civil Procedure or the Local Rules of this Court.

Inadvertent Disclosure of Privileged Information

19.     Any inadvertent production of documents or other material containing privileged information shall not be deemed to be a waiver of the attorney-client privilege, work product doctrine or any other applicable privilege or doctrine. Each Party specifically reserves the right to demand the return of any privileged document or other material that it may produce inadvertently during discovery if the Party determines that such document or material contains privileged information. After receiving notice of such inadvertent production by the producing Party, the receiving Party shall make reasonable and good faith efforts to locate and return to the producing Party all copies of such inadvertently-produced document or material. If the receiving Party is subject to excessive costs or burden in connection with undertaking to comply with this Paragraph, then the producing Party shall reimburse the receiving Party for the reasonable expenses incurred in connection therewith.

Miscellaneous

20.     No later than sixty (60) days after the final adjudication of this action, including any appeals, and upon written request by a designating Party, all materials Designated Pursuant To This Protective Order shall be returned to the designating Party or shall be destroyed, unless a motion seeking modification of this Protective Order is filed. In the event that such materials are destroyed, the person(s) responsible for such destruction shall certify in writing to the completion and manner of destruction. Notwithstanding the foregoing, a Party may retain one archival copy of each pleading, ruling and order, each deposition, hearing, and trial transcript and exhibit, and correspondence maintained by the Parties' outside counsel in their respective litigation files in the ordinary course of business.

11

21.   Nothing in this Protective Order shall limit any producing Party's use of its own documents or shall prevent any producing Party from disclosing information Designated Pursuant To This Protective Order to any person in the manner set forth in this Protective Order.

22.   The Court retains jurisdiction to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate. Either Party may make a request to the Court for any reasonable amendment to this Protective Order to facilitate the efficient and appropriate handling of confidential information.

23.   Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and in the course thereof, relying generally on examination and review of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" information and materials; provided, however, that in rendering such advice or otherwise communicating with such client, counsel shall not make specific disclosure of any information or materials designated under this Protective Order.

**STIPULATED AND APPROVED FOR ENTRY BY:**

| | |
|---|---|
| Date:   October **26**, 2010 | |
| /s/ | /s/ |
| Jason M. Drangel (JMD 7204) | James R. Muldoon (Bar Roll No. JM1985) |
| Robert L. Epstein (RE8941) | Denis J. Sullivan (Bar Roll No. DS0879) |
| William C. Wright (WCW 2213) | MARJAMA MULDOON BLASIAK & SULLIVAN LLP |
| EPSTEIN DRANGEL BAZERMAN & JAMES, LLP | 250 South Clinton St., Suite 300 |
| 60 East 42nd Street, Suite 820 | Syracuse, NY 13202 |
| New York, NY 10165 | Telephone:     (315) 425-9000 |
| Telephone:     (212) 292-5390 | Facsimile:      (315) 425-9114 |
| Facsimile:      (212) 292-5391 | |
| | *Attorneys for Defendants BTC Enterprises LLC* |
| *Attorneys for Plaintiffs CJ Products LLC and* | *d/b/a Toy Galaxy and Recai Sakar* |
| *Ontel Products Corporation* | |

SO ORDERED:
New York, New York
October ___, 2010

Nov. 15

_____
Hon. Richard J. Holwell
U.S. District Court Judge