**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

CJ Products LLC and Ontel Products Corporation,

     Plaintiffs,

     v.                            Civ. No. 1:2010 cv 05878 - RJH

BTC Enterprises LLC d/b/a Toy Galaxy and
Recai Sakar,

     Defendants
_____

BTC Enterprises LLC d/b/a Toy Galaxy,

Counterclaim Plaintiff,

   v.

CJ Products LLC, Ontel Products Corporation,
and Epstein Drangel LLP,

     Counterclaim Defendants.
_____

**DEFENDANTS' ANSWER AND DEFENDANT BTC ENTERPRISES'S**
**COUNTERCLAIMS TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants BTC Enterprises LLC d/b/a Toy Galaxy ("Toy Galaxy") and Recai Sakar

("Sakar"), by their undersigned attorney, answer the Amended Complaint filed by Plaintiffs

CJ Products LLC and Ontel Products Corporation as follows:

**NATURE OF THE ACTION**

     1.     Defendants admit that Plaintiffs purport to bring causes of action arising

under the sections of United States Code set forth in paragraph 1 of the Amended Complaint

under the "Nature of the Action" section, and that Plaintiffs seek the relief described therein,

but otherwise deny the allegations set forth in paragraph 1 of the Amended Complaint under the "Nature of the Action" section.

## JURISDICTION AND VENUE

1.  Paragraph 1 of the Amended Complaint under the "Jurisdiction and Venue" section contains conclusions of law to which no responsive pleading is required.  To the extent a response is required to this paragraph, Defendants deny the allegations contained therein.

2.  Paragraph 2 of the Amended Complaint under the "Jurisdiction and Venue" section contains conclusions of law to which no responsive pleading is required.  To the extent a response is required to this paragraph, Defendants deny the allegations contained therein.

3.  Paragraph 3 of the Amended Complaint under the "Jurisdiction and Venue" section contains conclusions of law to which no responsive pleading is required.  To the extent a response is required to this paragraph, Defendants deny the allegations contained therein.

## THE PARTIES

1.  As there is no paragraph 1 of the Amended Complaint under the "The Parties" section, no responsive pleading is required.

2.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint under the "The Parties" section.

3.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint under the "The Parties" section.

4.  Defendants deny the allegations contained in paragraph 4 of the Amended Complaint under the "The Parties" section, except admit that defendant BTC Enterprises d/b/a Toy Galaxy has a place of business at 75 Gould Street, Bayonne, NJ 07002.

5.  Defendants deny the allegations contained in paragraph 5 of the Amended Complaint under the "The Parties" section, except admit that defendant Recai Sakar is presently the President of Toy Galaxy.

6.  Defendants deny the allegations contained in paragraph 6 of the Amended Complaint under the "The Parties" section.

7.  Defendants deny the allegations contained in paragraph 7 of the Amended Complaint under the "The Parties" section.

8.  Defendants deny the allegations contained in paragraph 8 of the Amended Complaint under the "The Parties" section.

9.  Defendants deny the allegations contained in paragraph 9 of the Amended Complaint under the "The Parties" section.

10.  Defendants deny the allegations contained in paragraph 10 of the Amended Complaint under the "The Parties" section.

## GENERAL ALLEGATIONS

11.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint.

12.  Paragraph 12 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required to this paragraph, Defendants deny the allegations contained therein.

13.  Paragraph 13 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required to this paragraph, Defendants deny the allegations contained therein.

14.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint.

15.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint.

16.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint.

17.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint.

18.  Defendants deny the allegations contained in paragraph 18 of the Amended Complaint.

19.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint.

20.  Defendants deny the allegations contained in paragraph 20 of the Amended Complaint, except that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint that "CJ has also protected its valuable rights by filing for and obtaining federal trademarks and copyright registrations."

21.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint.

22.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint.

23.  Defendants admit the allegations contained in paragraph 23 of the Amended Complaint, and deny (a) that they have at any time used any Marks, Trade Dress or any confusingly similar marks that may be owned by CJ and (b) that they have at any time manufactured, sold, or distributed any Copyright Work.

24.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint.

25.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Amended Complaint.

26.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint.

27.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint.

28.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint.

29.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Amended Complaint.

30.  Defendants deny the allegations set forth in paragraph 30 of the Amended Complaint, except that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint that "Plaintiffs investigate and enforce against such activity."

31.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint.

32.  Defendants deny the allegations set forth in paragraph 32 of the Amended Complaint, except that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint that products "were inspected to determine authenticity."

33.  Defendants deny the allegations set forth in paragraph 33 of the Amended Complaint.

34.  Defendants deny the allegations, direct and implied, set forth in paragraph 34 of the Amended Complaint.

35.  Defendants deny the allegations, direct and implied, set forth in paragraph 35 of the Amended Complaint.

36.  Defendants deny the allegations, direct and implied, set forth in paragraph 36 of the Amended Complaint.

**FIRST CAUSE OF ACTION**

37.  Defendants incorporate by reference each and every one of their responses to Paragraphs 1-36 above (including repeated paragraph numbers) as though set forth in full herein.

38.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Amended Complaint.

39.  Paragraph 39 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required to this paragraph, Defendants deny the allegations contained therein.

40.  Defendants deny the allegations, direct and implied, set forth in paragraph 40 of the Amended Complaint.

41.  Defendants deny the allegations, direct and implied, set forth in paragraph 41 of the Amended Complaint, except admit that Defendant Toy Galaxy did not "obtain the consent or authorization of Plaintiffs" before selling Toy Galaxy's own products.

42.  Defendants deny the allegations, direct and implied, set forth in paragraph 42 of the Amended Complaint.

43.  Defendants deny the allegations, direct and implied, set forth in paragraph 43 of the Amended Complaint.

44.  Defendants deny the allegations, direct and implied, set forth in paragraph 44 of the Amended Complaint.

45.  Defendants deny the allegations, direct and implied, set forth in paragraph 45 of the Amended Complaint.

46.  Defendants deny the allegations set forth in paragraph 46 of the Amended Complaint.

47.  Defendants deny the allegations, direct and implied, set forth in paragraph 47 of the Amended Complaint.

## SECOND CAUSE OF ACTION

48.  Defendants incorporate by reference each and every one of their responses to Paragraphs 1-47 above (including repeated paragraph numbers) as though set forth in full herein.

49.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Amended Complaint.

50.  Defendants deny the allegations set forth in paragraph 50 of the Amended Complaint.

51.  Defendants deny the allegations, direct and implied, set forth in paragraph 51 of the Amended Complaint, except admit that Defendant Toy Galaxy did not "obtain the consent or authorization of Plaintiffs" before selling Toy Galaxy's own products.

52.  Defendants deny the allegations, direct and implied, set forth in paragraph 52 of the Amended Complaint.

53.  Defendants deny the allegations set forth in paragraph 53 of the Amended Complaint.

54.  Defendants deny the allegations, direct and implied, set forth in paragraph 54 of the Amended Complaint.

## THIRD CAUSE OF ACTION

55.  Defendants incorporate by reference each and every one of their responses to Paragraphs 1-54 above (including repeated paragraph numbers) as though set forth in full herein.

56.  Paragraph 56 of the Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a response is required to this paragraph, Defendants deny the allegations contained therein.

57.  Defendants deny the allegations, direct and implied, set forth in paragraph 57 of the Amended Complaint.

58.  Defendants deny the allegations, direct and implied, set forth in paragraph 58 of the Amended Complaint.

59.  Defendants deny the allegations, direct and implied, set forth in paragraph 58 of the Amended Complaint.

60.  Defendants deny the allegations, direct and implied, set forth in paragraph 60 of the Amended Complaint.

61.  Defendants deny the allegations, direct and implied, set forth in paragraph 61 of the Amended Complaint.

62.  Defendants deny the allegations, direct and implied, set forth in paragraph 62 of the Amended Complaint.

63.  Defendants deny the allegations, direct and implied, set forth in paragraph 63 of the Amended Complaint.

64.  Defendants deny the allegations, direct and implied, set forth in paragraph 64 of the Amended Complaint.

## FOURTH CAUSE OF ACTION

65.  Defendants incorporate by reference each and every one of their responses to Paragraphs 1-64 above (including repeated paragraph numbers) as though set forth in full herein.

66.  Defendants deny the allegations set forth in paragraph 66 of the Amended Complaint.

67.  Defendants deny the allegations, direct and implied, set forth in paragraph 67 of the Amended Complaint.

68.  Defendants deny the allegations, direct and implied, set forth in paragraph 68 of the Amended Complaint.

69.  Defendants deny the allegations, direct and implied, set forth in paragraph 69 of the Amended Complaint.

70.  Defendants deny the allegations, direct and implied, set forth in paragraph 70 of the Amended Complaint.

**FIFTH CAUSE OF ACTION**

71.  Defendants incorporate by reference each and every one of their responses to Paragraphs 1-70 above (including repeated paragraph numbers) as though set forth in full herein.

72.  Defendants deny the allegations, direct and implied, set forth in paragraph 72 of the Amended Complaint.

**SIXTH CAUSE OF ACTION**

73.  Defendants incorporate by reference each and every one of their responses to Paragraphs 1-72 above (including repeated paragraph numbers) as though set forth in full herein.

74.  Defendants deny the allegations, direct and implied, set forth in paragraph 74 of the Amended Complaint.

**SEVENTH CAUSE OF ACTION**

75.  Defendants incorporate by reference each and every one of their responses to Paragraphs 1-74 above (including repeated paragraph numbers) as though set forth in full herein.

76.  Defendants deny the allegations, direct and implied, set forth in paragraph 76 of the Amended Complaint.

77. Defendants deny the allegations, direct and implied, set forth in paragraph 77 of the Amended Complaint.

78.  Defendants deny the allegations, direct and implied, set forth in paragraph 78 of the Amended Complaint.

79.  Defendants deny the allegations, direct and implied, set forth in paragraph 79 of the Amended Complaint.

80.  Defendants deny the allegations, direct and implied, set forth in paragraph 80 of the Amended Complaint.

81.  Defendants deny the allegations, direct and implied, set forth in paragraph 81 of the Amended Complaint.

82.  Defendants deny the allegations, direct and implied, set forth in paragraph 82 of the Amended Complaint.

83.  Defendants deny the allegations, direct and implied, set forth in paragraph 83 of the Amended Complaint, except admit that Plaintiffs have asked the Court to award exemplary or punitive damages.

## EIGHTH CAUSE OF ACTION

84.  Defendants incorporate by reference each and every one of their responses to Paragraphs 1-83 above (including repeated paragraph numbers) as though set forth in full herein.

85.  Defendants deny the allegations, direct and implied, set forth in paragraph 85 of the Amended Complaint.

86.  Defendants deny the allegations, direct and implied, set forth in paragraph 86 of the Amended Complaint.

## NINTH CAUSE OF ACTION

87.  Defendants incorporate by reference each and every one of their responses to Paragraphs 1-86 above (including repeated paragraph numbers) as though set forth in full herein.

88.  Defendants deny the allegations, direct and implied, set forth in paragraph 88 of the Amended Complaint.

89.  Defendants deny the allegations, direct and implied, set forth in paragraph 89 of the Amended Complaint.

90.  Defendants deny the allegations, direct and implied, set forth in paragraph 49 of the "Ninth Cause of Action" section of the Amended Complaint.

91. Defendants deny the allegations, direct and implied, set forth in paragraph 50 of the "Ninth Cause of Action" section of the Amended Complaint.

92.  Defendants deny the allegations, direct and implied, set forth in paragraph 50 of the "Ninth Cause of Action" section of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

93.  The Amended Complaint, and each cause of action thereof, fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

94.  Plaintiffs' common law and state statutory claims are preempted by Federal law.

## THIRD AFFIRMATIVE DEFENSE

95.  This Court lacks personal jurisdiction over defendant Sakar.

## FOURTH AFFIRMATIVE DEFENSE

96.  Plaintiffs' claims arising from the trademarks whose purported registrations are attached to the Complaint as Exhibit B are not for lawful rights such as may be granted pursuant to pertinent provisions of Title 15 of the United States Code.

## FIFTH AFFIRMATIVE DEFENSE

97.  Plaintiffs have, through the uncontrolled licensing of the Marks and their failure to protect the value of the Marks, abandoned any and all rights in and to the Marks.

## SIXTH AFFIRMATIVE DEFENSE

98.  CJ misrepresented the nature and extent of its use in commerce of the marks at the time it submitted its trademark applications.  CJ's applications claimed that its marks had been used in connection with the goods identified therein, when in fact, at the time such applications were filed, no such use had been made.  Thus, CJ's trademarks registrations were procured by virtue of fraudulent misrepresentations submitted to the United States Patent and Trademark Office (the "PTO") for the purpose of and with the effect of inducing the PTO to issue such registrations.

### SEVENTH AFFIRMATIVE DEFENSE

99.  Plaintiffs cannot demonstrate any likelihood that the public will be confused or misled as to the source of Toy Galaxy's goods or that Toy Galaxy's goods are associated with, or endorsed by, Plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE

100.  Infringement by Defendants, if any, of any rights claimed by Plaintiffs in any design, nickname, or mark was innocent and wholly without knowledge by Defendants of any such rights.

### NINTH AFFIRMATIVE DEFENSE

101.  Defendant Toy Galaxy's products were independently created without reference to Plaintiffs' Products.

### TENTH AFFIRMATIVE DEFENSE

102.  Plaintiffs' Products lack originality and are therefore not protectable by copyright.

### ELEVENTH AFFIRMATIVE DEFENSE

103.  To the extent that any protectable expression contained in Plaintiffs' Products was used in Defendants' products, such use is protected, and not actionable, under the doctrine of fair use.

## TWELFTH AFFIRMATIVE DEFENSE

104.  To the extent that any protectable expression contained in Plaintiffs' Products was used in Defendants' products, such use is *de minimus*.

## THIRTEENTH AFFIRMATIVE DEFENSE

105.  To the extent that any expression contained in Plaintiffs' Products was used in Defendants' products, such use is protected by the doctrine of *scènes à faire*.

## FOURTEENTH AFFIRMATIVE DEFENSE

106.  Plaintiffs' claims are barred as a result of Plaintiffs' unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

107.  Plaintiffs are precluded, by virtue of the doctrines of estoppel by laches and estoppel by acquiescence, from asserting their purported rights.

## SIXTEENTH AFFIRMATIVE DEFENSE

108.  Plaintiffs, through their own actions, conduct, or failure to act, waived any right to relief.

## SEVENTEENTH AFFIRMATIVE DEFENSE

109.  Plaintiffs' alleged trade dress is functional, and therefore incapable of functioning as protectable trade dress.

## EIGHTEENTH AFFIRMATIVE DEFENSE

110.  Plaintiffs' claims are barred, in whole or in part, by the doctrines of fair use, nominative fair use, and/or descriptive fair use.

## NINETEENTH AFFIRMATIVE DEFENSE

111.  Plaintiffs' purported copyrights are unenforceable as a result of Plaintiffs' copyright misuse, which misuse includes, without limitation, Plaintiffs' attempts to extend impermissibly the protection of their purported copyrights beyond the scope of what is provided by law.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint in its entirety, for their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

## COUNTERCLAIMS

BTC Enterprises LLC d/b/a Toy Galaxy ("Counterclaim Plaintiff") counterclaims against CJ Products LLC, Ontel Products Corporation, and Epstein Drangel LLP ("Counterclaim Defendants") as follows:

## JURISDICTION AND VENUE

112.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), in that the case arises out of claims for unfair competition under the Lanham Act (15 U.S.C. § 1051 *et seq.*), 28 U.S.C. § 2201 with respect to the Declaratory Judgment counterclaims, and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1376(a) and 1338(a)-(b).

113.  Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(a).

**THE PARTIES**

114.   Counterclaim Plaintiff BTC Enterprises LLC d/b/a Toy Galaxy (hereinafter "Toy Galaxy") is a New York limited liability company having a place of business at 75 Gould Street, Bayonne, New Jersey 07002.

115.   On information and belief, Counterclaim Defendant CJ Products LLC ("CJ Products") is a California limited liability company having a principal place of business at 4040 Calle Platino, Unit 123, Oceanside, CA 92056.

116.   On information and belief, Counterclaim Defendant Ontel Products Corporation ("Ontel") is a New Jersey corporation having a principal place of business at 21 Law Drive, Fairfield, NJ 07004.

117.   On information and belief, Counterclaim Defendant Epstein Drangel LLP ("Epstein Drangel") was formerly known as Epstein Drangel Bazerman & James, LLP, and is a New York limited liability partnership having a principal place of business at 60 East 42nd Street, Suite 820, New York, NY 10165.  Epstein Drangel is properly joined in this action as a counterclaim defendant pursuant to Fed. R. Civ. P. 20(a)(2).

**GENERAL ALLEGATIONS**

118.   Counterclaim Plaintiff is a gift and toy company involved in, among other things, the sale and distribution of gift and toy products.  One of the components of Counterclaim Plaintiff's business encompasses the sale and distribution of its distinctive ZOOPURR PETS™, formerly known as SMOOSHIE PETS™.

119.   On information and belief, Counterclaim Defendants CJ Products and Ontel sell and distribute products that are a combination of a stuffed animal and functional pillow product to which they apply the purported marks MY PILLOW PETS, PILLOW PETS, MY

PILLOW PETS, ITS YOUR PILLOW AND A PET, and IT'S A PILLOW PET (collectively, the "Purported Marks").

120.   On information and belief, one or both of Counterclaim Defendants CJ Products and Ontel own U.S. Copyrights for both a series of "Pillow Pet" product designs and a series of "Pillow Pet Blanket" product designs.  The "Pillow Pet" copyright registrations include the following:  VA 1-674-376 ("Bunny Pillow Pet"), VA 1-674-379 ("Dolphin Pillow Pet"), VA 1-679-223 ("Panda Pillow Pet"), VA 1-665-417 ("Bumblebee Pillow Pet"), VA 1-674-366 ("Dalmation Pillow Pet"), VA 1-674-374 ("Monkey Pillow Pet"), VA 1-674-364 ("Polar Bear Pillow Pet"), VA 1-655-418 ("Lady Bug Pillow Pet"), VA 1-674-373 ("Dog Pillow Pet"), VA 1-674-372 ("Frog Pillow Pet"), VA 1-674-371 ("Penguin Pillow Pet"), VA 1-679-221 ("Turtle Pillow Pet"), VA 1-674-368 ("Hippo Pillow Pet"), VA 1-674-377 ("Moose Pillow Pet"), VA 1-674-365 ("Unicorn Pillow Pet").  The "Pillow Pet Blanket" copyright registrations include the following:  VA 1-678-130 ("Lady Bug Pillow Pet Blanket"), VA 1-678-142 ("Pig Pillow Pet Blanket"), VA 1-678-132 (Duck Pillow Pet Blanket"), VA 1-678-144 ("Panda Pillow Pet Blanket"), VA 1-678-146 ("Dog Pillow Pet Blanket"), VA 1-678-140 ("Penguin Pillow Pet Blanket"). The "Pillow Pet" registrations and the "Pillow Pet Blanket" registrations are together referred to as the Copyright Registrations.

121.   None of Counterclaim Plaintiff's ZooPurr Pets include a combination of a stuffed animal and a functional blanket.

122.   On information and belief, Counterclaim Defendants recorded or caused to be recorded one or more of the Copyright Registrations with United States Customs and Border Protection ("CBP").

123.   On information and belief, Counterclaim Defendants provided CBP with product identification training guidelines in connection with their recordation of the

Copyright Registrations with CBP.  A true and correct copy of CBP's website showing a record of the Copyright Registrations is attached hereto as Exhibit A.

124.   On September 15, 2010, on information and belief, in accordance with the product identification training guidelines that Counterclaim Defendants provided to CBP, CBP detained a shipment originating from China containing Counterclaim Plaintiff's Smooshie Pets (the "Shipment"), which Shipment included koala bear Smooshie Pets.  A true and correct copy of the corresponding Detention Notice issued by the United States Department of Homeland Security is attached hereto as Exhibit B.

125.   The Copyright Registrations do not include a U.S. Copyright Registration for the combination of a plush koala bear and functional pillow product.

126.   The detention of the Shipment by CBP prompted by Counterclaim Defendants' actions caused harm to Counterclaim Plaintiff, in part, by impeding its business operations and by delaying its ability to supply its customers with its Smooshie Pets products.  Counterclaim Defendants have since caused other shipments of Smooshie Pets and ZooPurr Pets to be improperly detained by CBP, causing Counterclaim Plaintiff further harm.

127.   Counterclaim Defendants had or reasonably should have had, prior to bringing this action against Counterclaim Plaintiff, knowledge that any similarity between Counterclaim Plaintiff's ZooPurr Pets or Smooshie Pets, including those included in the Shipment, and Counterclaim Defendants' Pillow Pets extends from elements of Counterclaim Defendant CJ Products and Ontel's products that are not protectable under the U.S. Copyright Act, 17 U.S.C. § 101 *et seq.*, and therefore, Counterclaim Plaintiff's ZooPurr Pets and Smooshie Pets do and did not infringe any of the Copyright Registrations.

128.   Counterclaim Defendants had or reasonably should have had, prior to bringing this action against Counterclaim Plaintiff, knowledge that Counterclaim Plaintiff's

Smooshie Pets were marked only with the SMOOSHIE PETS™ mark and that its ZooPurr Pets are marked only with the ZOOPURR PETS™ mark, and that each include no markings or other references to PILLOW PETS, MY PILLOW PETS, or any other name confusingly similar to the Purported Marks, and therefore neither Counterclaim Plaintiff's ZooPurr Pets nor its Smooshie Pets violate any trademark rights of Counterclaim Defendants and cannot be classified as counterfeit goods under section 34 of the Lanham Act (15 U.S.C. §§ 1114 or 1116).

129. Counterclaim Defendant Epstein Drangel conspired with Counterclaim Defendants CJ Products and Ontel to create and deliver threatening letters to various customers of Counterclaim Plaintiff as well as to the retail space management companies that operate retail space that is leased by Counterclaim Plaintiff's customers. The letters, which were on the letterhead of Counterclaim Defendant Epstein Drangel and were signed by one of its partners, demanded that the customers immediately and permanently discontinue the sale of "copyrighted works and the unauthorized use of the MY PILLOW PETS and PILLOW PETS trademarks." A true and correct copy of one such letter that was delivered to a retailer is annexed at Exhibit C (the "Retailer Demand Letter"), and a true and correct copy of one such letter that was delivered to a retail space operator is annexed at Exhibit D (the "Landlord Demand Letter").

130. Counterclaim Defendants were each aware that a retailer customer of Counterclaim Plaintiff's that received a Retailer Demand Letter such as the one annexed at Exhibit C – bearing the letterhead of a law firm, signed by a partner of that firm, accusing the retailer of selling counterfeit merchandise, and threatening legal action unless the retailer surrendered its existing stock of plush toy animal/pillow products and purchased its plush toy

animal/pillow products from Counterclaim Defendants CJ Product and Ontel – would react or would likely react by terminating its business relationship with Counterclaim Plaintiff.

131.  Counterclaim Defendants were each aware that a retail space operator that received a Landlord Demand Letter such as the one annexed at Exhibit D – bearing the letterhead of a law firm, signed by a partner of that firm, accusing one of its lessee retailers of selling counterfeit merchandise, and threatening legal action if the retail space operator did not "close down" lessee retailers selling competing plush toy animal/pillow products – would react or would likely react by terminating or threatening to terminate the lessee retailer's lease with the retail space operator and, as a result, causing the retailer to terminate its business relationship with Counterclaim Plaintiff.

132.  Upon information and belief, Counterclaim Defendants conspired to cause threatening letters such as those annexed at Exhibit C to be delivered to retailers who were selling Counterclaim Plaintiff's plush toy animal/pillow products, none of which bore a counterfeit MY PILLOW PETS or PILLOW PETS mark.

133.  Upon information and belief, Counterclaim Defendants conspired to cause threatening letters such as those annexed at Exhibit D to be delivered to retail space operators whose tenants were selling Counterclaim Plaintiff's plush toy animal/pillow products, none of which bore a counterfeit MY PILLOW PETS or PILLOW PETS mark.

134.  Upon information and belief, it was the specific intention of the Counterclaim Defendants, and the Counterclaim Defendants conspired, to disrupt and tortiously interfere with Counterclaim Plaintiff's business by delivering the Retailer Demand Letters to Counterclaim Plaintiff's customers and the Landlord Demand Letters to Counterclaim Plaintiff's customers' landlords despite the fact that Counterclaim Plaintiffs'

customers were selling no products purchased from Counterclaim Plaintiff that infringed on any CJ Products or Ontel intellectual property rights.

135.  Upon information and belief, Counterclaim Defendants delivered the Retailer Demand Letters to Counterclaim Plaintiff's customers and the Landlord Demand Letters to Counterclaim Plaintiff's customers' landlords with reckless disregard as to whether the customers were actually selling any products that infringed on any CJ Products or Ontel intellectual property rights.

136.  Counterclaim Defendants knew of Counterclaim Plaintiff's business relations with various customers and improperly, unfairly, and intentionally conspired to interfere with those business relationships by causing to be delivered to such customers Retailer Demand Letters similar to the one annexed at Exhibit C, which both overstate the intellectual property rights of Counterclaim Defendants CJ Products and Ontel, and wrongly accuse Counterclaim Plaintiffs' customers' plush toy animal/pillow products of infringing Counterclaim Defendants' intellectual property rights.

137.  Counterclaim Defendants' Retailer Demand Letter wrongly states that Counterclaim Defendants CJ Products and Ontel are "the exclusive owner of any and all trademarks, copyrights and trade dress . . . that are applied to a combination of a stuffed animal and functional pillow product ('Product') and its packaging ('Product IP')" and that "[n]o one other than CJ and it[s] exclusive licensee Ontel Products Corporation are authorized to manufacture, advertise, offer for sale or sell any goods utilizing the Product IP."  The Retailer Demand Letter further falsely instructs that "[i]n order to avoid purchasing pirated goods, you should purchase only from CJ Products."

138.  Counterclaim Defendants' Retailer Demand Letter further "demand[s]" that the retailer "[i]mmediately and voluntarily surrender to Stumar Investigations, its designated

local affiliates or Epstein Drangel Bazerman & James, LLP . . . your entire inventory of such infringing products on hand as of this date." It goes on to warn that "[u]nless we receive a comprehensive response to this letter, as well as acceptance of its terms and assurances in writing that you have ceased to engage in the infringing conduct described above, WITHIN 10 DAYS of the delivery of this letter, we may initiate suit and seek injunctive relief and the maximum damages to which our client is entitled." The Retailer Demand Letter is signed by Jason M. Drangel, a partner in Counterclaim Defendant Epstein Drangel.

139. The clear and unambiguous intention of the Retailer Demand Letter is to intimidate the recipient retailer into surrendering his or her stock of non-CJ Products plush toy animal/pillow products to Counterclaim Defendant Epstein Drangel for no compensation and either (a) selling a different, non-competing product or (b) purchasing all such toy animal/pillow products from CJ Products or Ontel, namely by making the retailer believe that Counterclaim Defendants CJ Product and Ontel, with the willing assistance of their co-conspirator and author of the Landlord Demand Letter, Counterclaim Defendant Epstein Drangel, intend to sue the retailer if it fails to accede to Epstein Drangel's "demand" to "surrender . . . your entire inventory of such infringing" plush toy animal/pillow products.

140. Counterclaim Defendants knew of Counterclaim Plaintiff's business relations with various customers and improperly, unfairly, and intentionally conspired to interfere with those business relationships by causing to be delivered to such customers Landlord Demand Letters similar to that annexed at Exhibit D, which both overstate the intellectual property rights of Counterclaim Defendants CJ Products and Ontel, and wrongly accuse Counterclaim Plaintiffs' customers' plush toy animal/pillow products of infringing Counterclaim Defendants' intellectual property rights. In particular, the Landlord Demand

Letter falsely states that "we believe that your mall properties contain cart vendors that are selling or have in the past sold plush toys that infringe on CJ's Product IP."

141.  Counterclaim Defendants' Landlord Demand Letter falsely states that Counterclaim Defendants CJ Products and Ontel are "the exclusive owner of any and all trademarks . . . copyrights and trade dress ('Product IP'), that are applied to a combination of a stuffed animal and functional pillow product ('Product')" and that "[n]o one other than CJ and it[s] exclusive licensee Ontel Products Corporation are authorized to manufacture, advertise, offer for sale or sell any goods utilizing the Product IP."

142.  Counterclaim Defendants' Landlord Demand Letter falsely tells the landlord that "[y]our cart operator is trying to capitalize on the public's familiarity with CJ's brand and mislead the public into believing the operator is selling authorized products when he is not."  The letter goes on to "request" that the landlord "take immediate action to close down all carts at your malls that sell products that infringe CJ's Product IP or otherwise tend to confuse consumers as to the source of the goods," but then warns the landlord to "consider your own liability as a contributory infringer if you refuse" to "comply with our demand," citing case law.  The Landlord Demand Letter goes on to warn the landlord that Counterclaim Defendant Epstein Drangel "will be visiting mall locations throughout the country to monitor violations and compliance," and that "[i]f carts are still open thirty (30) days after the date of this letter, we will assume you have decided to ignore our demand."  The Landlord Demand Letter is signed by Jason M. Drangel, a partner in Counterclaim Defendant Epstein Drangel.

143.  The clear and unambiguous intention of the Landlord Demand Letter is to intimidate the recipient landlord into shutting down the tenant retailer by false pretenses, namely by making the landlord believe that its tenant, one of Counterclaim Plaintiff's

23

customers, is selling infringing and/or counterfeit products supplied by Counterclaim

Plaintiff and that Counterclaim Defendants CJ Product and Ontel, with the willing assistance

of their co-conspirator and author of the Landlord Demand Letter, Counterclaim Defendant

Epstein Drangel, intend to sue landlord if it fails to accede to Epstein Drangel's "demand" to

"close down all carts" that sell competing plush toy animal/pillow products.

144.   Counterclaim Defendants conspired, by virtue of the widespread delivery of

the false, misleading, and defamatory Retailer Demand Letters and Landlord Demand

Letters, to improperly interfere with Counterclaim Plaintiff's ongoing and prospective

contractual relations, to cause Counterclaim Plaintiff to suffer irreparable harm by being

falsely branded as a distributor of counterfeit products, and to defame Counterclaim Plaintiff.

As a result of Counterclaim Defendants' actions, Counterclaim Plaintiff lost customers and

sales and has suffered damages in an amount to be determined at trial.

145.   Counterclaim Defendants' foregoing actions were committed in bad faith

and with the intent to thwart Counterclaim Plaintiff's sales of its products and its right to free

and legal competition with Counterclaim Defendants CJ Products and Ontel, as well as

others.

## FIRST CAUSE OF ACTION
### (Federal Unfair Competition – CJ Products and Ontel)

146.   Counterclaim Plaintiff repeats and realleges the allegations set forth in

paragraphs 111 through 145 hereto.

147.   The aforementioned actions of Counterclaim Defendants CJ Products and

Ontel constitute unfair competition under the Lanham Act (15 U.S.C. § 1051 *et seq.*).

148.   By reason of the foregoing, Counterclaim Plaintiff has been injured in an

amount to be determined at trial, and is entitled to monetary and equitable relief.

**SECOND CAUSE OF ACTION**
**(State Unfair Competition – CJ Products and Ontel)**

149.  Counterclaim Plaintiff repeats and realleges the allegations set forth in paragraphs 111 through 148 hereto.

150.  The aforementioned actions of Counterclaim Defendants CJ Products and Ontel constitute unfair competition under New York State common law.

151.  By reason of the foregoing, Counterclaim Plaintiff has been injured in an amount to be determined at trial, and is entitled to monetary and equitable relief.

**THIRD CAUSE OF ACTION**
**(Interference with Prospective Economic Advantage – CJ Products, Ontel, and Epstein Drangel)**

152.  Counterclaim Plaintiff repeats and realleges the allegations set forth in paragraphs 111 through 151 hereto.

153.  There exists the strong probability of continued future success in Counterclaim Plaintiff's ongoing sales of ZooPurr Pets, formerly known as Smooshie Pets, bringing an economic benefit to Counterclaim Plaintiff.

154.  Counterclaim Defendants CJ Products, Ontel, and Epstein Drangel, at the time they committed the aforementioned acts complained of, knew of such expectancy, or reasonably should have known it.

155.  But for the conduct of Counterclaim Defendants, Counterclaim Plaintiff was reasonably certain to have captured the commercial activity wrongfully diverted by Counterclaim Defendants from Counterclaim Plaintiff.

156.  The aforementioned actions of Counterclaim Defendants were unfair, improper, and intentional.

157.  Counterclaim Plaintiff's business relationships with various customers have been injured through Counterclaim Defendants' aforementioned actions.

158.  The aforementioned actions of Counterclaim Defendants constitute tortious interference with a prospective economic advantage of Counterclaim Plaintiff under New York State common law.

159.  By reason of the foregoing, Counterclaim Plaintiff has been injured in an amount to be determined at trial, and is entitled to monetary and equitable relief.

**FOURTH CAUSE OF ACTION**
**(Abuse of Process – CJ Products and Ontel)**

160.  Counterclaim Plaintiff repeats and realleges the allegations set forth in paragraphs 111 through 159 hereto.

161.  Without justification, Counterclaim Defendants CJ Products and Ontel have and are intentionally making false accusations about and against Counterclaim Plaintiff, and are misusing both legal and CBP processes for the improper purpose of thwarting Counterclaim Plaintiff's rights of free and legal competition with Counterclaim Defendants CJ Products and Ontel, and others.

162.  The aforementioned actions of Counterclaim Defendants CJ Products and Ontel constitute abuse of process under Federal and New York State common law.

163.  By reason of the foregoing, Counterclaim Plaintiff has been injured in an amount to be determined at trial, and is entitled to monetary and equitable relief.

**FIFTH CAUSE OF ACTION**
**(Defamation – Retailer Demand Letters – CJ Products, Ontel, and Epstein Drangel)**

164.  Counterclaim Plaintiff repeats and realleges the allegations set forth in paragraphs 111 through 163 hereto.

165.   The Retailer Demand Letter was published by being delivered to one or more retailers that had purchased plush toy animal/pillow products from Counterclaim Plaintiff.

166.  Upon information and belief, the Retailer Demand Letter was understood by one or more retail customers of Counterclaim Plaintiff to be referring to Counterclaim Plaintiff.

167.  The Retailer Demand Letter contained false and misleading statements about the plush animal toy/pillow products sold by Counterclaim Plaintiff to its retail customers that were detrimental to Counterclaim Plaintiff's reputation.

168.  The Retailer Demand Letter falsely accused Counterclaim Plaintiff of supplying its customers with illegal and counterfeit plush animal toy/pillow products.

169.  Counterclaim Defendants published the false and misleading statements about Counterclaim Plaintiff in the Retailer Demand Letter with knowledge of their falsity or with reckless disregard for their truth or falsity.

170.  Counterclaim Defendants published the false and misleading statements about Counterclaim Plaintiff with malice towards Counterclaim Plaintiff.

171.  Counterclaim Plaintiff's reputation was damaged by the false and misleading statements contained in the Retailer Demand Letter.

172.  Counterclaim Plaintiff was damaged as a result of the publication by Counterclaim Defendants of the Retailer Demand Letter.

## SIXTH CAUSE OF ACTION
### (Defamation – Landlord Demand Letter - CJ Products, Ontel, and Epstein Drangel)

173.  Counterclaim Plaintiff repeats and realleges the allegations set forth in paragraphs 111 through 172 hereto.

174.   The Landlord Demand Letter was published by being delivered to one or more retail space landlords whose tenant retailers had purchased plush toy animal/pillow products from Counterclaim Plaintiff.

175.  Upon information and belief, the Landlord Demand Letter was understood by one or more retail space landlords who received it to be referring to Counterclaim Plaintiff.

176.  The Landlord Demand Letter contained false and misleading statements about the plush animal toy/pillow products sold by Counterclaim Plaintiff to its retail customers that were detrimental to Counterclaim Plaintiff's reputation.

177.  The Landlord Demand Letter falsely accused Counterclaim Plaintiff of supplying its customers with illegal and counterfeit plush animal toy/pillow products.

178.  Counterclaim Defendants published the false and misleading statements about Counterclaim Plaintiff in the Landlord Demand Letter with knowledge of their falsity or with reckless disregard for their truth or falsity.

179.  Counterclaim Defendants published the false and misleading statements about Counterclaim Plaintiff with malice towards Counterclaim Plaintiff.

180.  Counterclaim Plaintiff's reputation was damaged by the false and misleading statements contained in the Landlord Demand Letter.

181.  Counterclaim Plaintiff was damaged as a result of the publication by Counterclaim Defendants of the Landlord Demand Letter.

## SEVENTH CAUSE OF ACTION
### (Civil Conspiracies - CJ Products, Ontel, and Epstein Drangel)

182.  Counterclaim Plaintiff repeats and realleges the allegations set forth in paragraphs 111 through 181 hereto.

183.  Counterclaim Defendants CJ Products, Ontel, and Epstein Drangel conspired to draft and publish the defamatory Retailer Demand Letters and Landlord Demand Letters.

184.  Counterclaim Defendants CJ Products, Ontel, and Epstein Drangel conspired to interfere tortiously with Counterclaim Plaintiff's prospective economic advantage.

185.  Counterclaim Defendants CJ Products, Ontel, and Epstein Drangel conspired to commit the tort of abuse of process against Counterclaim Plaintiff.

186.  As a direct consequence of Counterclaim Defendants' conspiracy and the multiple torts committed in connection therewith, Counterclaim Plaintiff was damaged.

187.  Counterclaim defendants are jointly and severally liable to Counterclaim Plaintiff for each of the civil conspiracies (defamation, tortious interference with prospective economic advantage, and abuse of process).

## EIGHTH CAUSE OF ACTION
**(Declaratory Judgment – No Copyright Infringement – CJ Products and Ontel)**

188.  Counterclaim Plaintiff repeats and realleges the allegations set forth in paragraphs 111 through 187 hereto.

189.  There exists an actual case or controversy between Counterclaim Plaintiff and Counterclaim Defendants CJ Products and Ontel on the issue of whether Counterclaim Plaintiff's ZooPurr Pets products and Smooshie Pets products infringe any copyrights owned by either CJ Products or Ontel.  CJ Products and Ontel have alleged in their Amended Complaint that Smooshie Pets infringe one or more of their purported copyrights.

190.  Counterclaim Plaintiff seeks declaratory judgment that none of its ZooPurr Pets products or its Smooshie Pets products infringe any valid copyright owned by either CJ Products or Ontel.

## NINTH CAUSE OF ACTION
**(Declaratory Judgment – No Trademark Infringement – CJ Products and Ontel)**

191.  Counterclaim Plaintiff repeats and realleges the allegations set forth in paragraphs 111 through 190 hereto.

192.  There exists an actual case or controversy between Counterclaim Plaintiff and Counterclaim Defendants CJ Products and Ontel on the issue of whether Counterclaim Plaintiff's ZooPurr Pets products and Smooshie Pets products infringe any trademarks owned by either CJ Products or Ontel.  CJ Products and Ontel have alleged in their Amended Complaint that Smooshie Pets infringe one or more of their purported trademarks.

193.  Counterclaim Plaintiff seeks declaratory judgment that none of its ZooPurr Pets products or its Smooshie Pets products infringe any valid trademark owned by either CJ Products or Ontel.

## TENTH CAUSE OF ACTION
### (Declaratory Judgment – No Trade Dress Infringement – CJ Products and Ontel)

194.  Counterclaim Plaintiff repeats and realleges the allegations set forth in paragraphs 111 through 193 hereto.

195.  There exists an actual case or controversy between Counterclaim Plaintiff and Counterclaim Defendants CJ Products and Ontel on the issue of whether Counterclaim Plaintiff's ZooPurr Pets products and Smooshie Pets products infringe any trade dress owned by either CJ Products or Ontel.  CJ Products and Ontel have alleged in their Amended Complaint that Smooshie Pets infringe their purported trade dress.

196.  Counterclaim Plaintiff seeks declaratory judgment that (a) neither CJ Products nor Ontel own any protectable trade dress in their plush toy animal/pillow products, or (b) none of Counterclaim Plaintiff's ZooPurr Pets products or its Smooshie Pets products infringe any trade dress owned by either CJ Products or Ontel.

## ELEVENTH CAUSE OF ACTION
### (Declaratory Judgment – No False Designation of Origin or Unfair Competition – CJ Products and Ontel)

197.  Counterclaim Plaintiff repeats and realleges the allegations set forth in paragraphs 111 through 196 hereto.

198.  There exists an actual case or controversy between Counterclaim Plaintiff and Counterclaim Defendants CJ Products and Ontel on the issue of whether Counterclaim Plaintiff is liable to CJ Products and Ontel for false designation of origin or unfair competition under the Lanham Act as a result of the sales of Counterclaim Plaintiff's ZooPurr Pets products and Smooshie Pets products.  CJ Products and Ontel have alleged in their Amended Complaint that the sale of Smooshie Pets by Counterclaim Plaintiff gives rise to such liability.

199.  Counterclaim Plaintiff seeks declaratory judgment that its sales of ZooPurr Pets products and its Smooshie Pets products do not give rise to liability for false designation of origin or unfair competition under the Lanham Act.

## TWELFTH CAUSE OF ACTION
### (Declaratory Judgment – No Dilution – CJ Products and Ontel)

200.  Counterclaim Plaintiff repeats and realleges the allegations set forth in paragraphs 111 through 199 hereto.

201.  There exists an actual case or controversy between Counterclaim Plaintiff and Counterclaim Defendants CJ Products and Ontel on the issue of whether Counterclaim Plaintiff's ZooPurr Pets products and Smooshie Pets products are diluting the value of any trademarks owned by either CJ Products or Ontel.  CJ Products and Ontel have alleged in their Amended Complaint that the sale of Counterclaim Plaintiff's Smooshie Pets dilutes one or more of their purported trademarks.

202.  Counterclaim Plaintiff seeks declaratory judgment that (a) none of the trademarks at issue in this lawsuit are distinctive or famous within the meaning of the

Lanham Act, and (b) none of its ZooPurr Pets products or its Smooshie Pets products dilute the value of any trademarks owned by either CJ Products or Ontel.

**WHEREFORE**, Counterclaim Plaintiffs pray for judgment against the Counterclaim Defendants, inclusive, and each of them, as follows:

A.  That judgment be entered in Counterclaim Plaintiff's favor and that Counterclaim Plaintiff be awarded damages on each of the above non-declaratory causes of action;

B.  That Counterclaim Defendants be required to compensate Counterclaim Plaintiff all profits of Counterclaim Defendants that are attributable to Counterclaim Defendants' interference with Counterclaim Plaintiff's prospective business advantage;

C.  That Counterclaim Defendants be required to compensate Counterclaim Plaintiff for its damages caused by Counterclaim Defendants' defamatory statements;

D.  That Counterclaim Defendants be held jointly and severally liable for the damages suffered by Counterclaim Plaintiff as a result of the tortious acts in which they conspired;

E.  That Counterclaim Defendants be required to publish a correction to their defamatory publications;

F.  That Counterclaim Plaintiff be awarded its costs and expenses, including attorneys' fees, and enhanced damages as allowed by law;

G.  That this Court enter declaratory judgments as requested above;

H.  That this Court enter a preliminary and final injunction against further unfair competition, abuse of process, interference with prospective economic advantage, and defamation by Counterclaim Defendants;

I.  That Counterclaim Plaintiff be granted such other and further relief as to this

Court may seem just and proper.

## DEMAND FOR JURY TRIAL

Counterclaim Plaintiff respectfully demands a trial by jury for all issues so triable.

Date:  February 8, 2011

/s/ Kelly D. Talcott
Kelly D. Talcott
The Law Offices of Kelly D. Talcott
63 Allan Drive
East Norwich, NY 11732
v. 516.515.1545
f. 516. 871.0682
kdtlaw@gmail.com

Attorney for Defendant Recai Sakar
and Defendant/Counterclaim
Plaintiff BTC Enterprises LLC d/b/a/
Toy Galaxy

CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2011, I caused a copy of the foregoing **DEFENDANTS' ANSWER AND DEFENDANT BTC ENTERPRISES'S COUNTERCLAIMS TO PLAINTIFFS' AMENDED COMPLAINT** to be served on Plaintiffs and Counterclaim Defendants CJ Products LLC and Ontel Products Corporation by filing a copy of the document with the ECF service of the United States District Court for the Southern District of New York, causing such pleading to be served by the ECF system on Epstein Drangel LLP, counsel for Plaintiffs and Counterclaim Defendants.

Dated: February 8, 2011

                                            */s/ Kelly D. Talcott*
                                            Kelly D. Talcott
                                            The Law Offices of Kelly D. Talcott
                                            63 Allan Drive
                                            East Norwich, NY 11732
                                            v. 516.515.1545
                                            f. 516. 871.0682
                                            kdtlaw@gmail.com

                                            Attorney for Defendant Recai Sakar and Defendant/Counterclaim Plaintiff BTC Enterprises LLC d/b/a/ Toy Galaxy

35