UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X
:
CJ PRODUCTS, ET AL :
:
Plaintiffs :
:
v. : Civ. Action No. 10 CV-05878 (RJH)
:
TOY GALAXY, ET AL. :
:
Defendants :
:
-------------------------------------------------X

## PROPOSED JURY INSTRUCTIONS

### JURY INSTRUCTION NO. 1

Members of the jury, the instructions I am about to give you now are in writing and will be available to you in the jury room. All instructions, whenever given and whether in writing or not, must be followed. You must not single out some instructions and ignore others, because all are important.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

### JURY INSTRUCTION NO. 2

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated—that is,

1

formally agreed to by the parties; and any facts that have been judicially noticed—that is facts which I say you must accept as true.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by the lawyers trying this case are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence.

## JURY INSTRUCTION NO. 3

Neither in these instructions nor in any ruling, action or remark that I make during the course of this trial will I give any opinion or suggestion as to what your verdicts should be. During this trial I may occasionally ask questions of witnesses. Do not assume that because I asked questions I hold any opinion on the matters to which my questions related.

# JURY INSTRUCTION NO. 4

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it. In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony, and the extent to which their testimony is consistent with other evidence that you believe. In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail. After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## JURY INSTRUCTION NO. 5

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim depends upon that fact. The party who has the burden of proving a fact must prove it by the greater weight of the evidence. To prove something by the greater weight of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented. You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard, which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

## JURY INSTRUCTION NO. 6

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience. "Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence of the case. The case must be decided by you solely and exclusively on the evidence received here in court.

## JURY INSTRUCTION NO. 7

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions. You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

## JURY INSTRUCTION NO. 8

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar situations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations and other organizations, stand equal before the law, and are to be treated as equals.

## JURY INSTRUCTION NO. 9

This is an action for copyright infringement. A "copyright" is the exclusive right to copy. A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or

a computer program. The owner of a copyright generally has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

One who reproduces or distributes a copyrighted work during the term of the copyright infringes the copyright, unless licensed by the copyright owner. In this case, each plaintiff contends it is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to certain copyrighted plush toy designs, and that the defendants, without the permission or consent of such Plaintiffs, copied, marketed and sold works that infringe Plaintiff's copyrighted plush toy designs.

This Court has already determined that Defendants conduct and actions constitute infringement of Plaintiff's copyrights and exclusive rights under copyrights.

## JURY INSTRUCTION NO. 10

You now must decide on the amount of damages Plaintiffs are entitled to recover for copyright infringement.

## JURY INSTRUCTION NO. 11

Plaintiffs may recover for any actual losses suffered because of the infringement, plus any profits that Defendants made from the infringement. Alternatively, Plaintiffs may recover an amount called "statutory damages." I will define these terms in the following instructions.

## JURY INSTRUCTION NO. 12

Examples of actual losses from copyright infringement include:

- A decrease in the market value of the copyrighted work caused by the infringement.

- Profits that Plaintiff proves it would have made without the infringement. Profits are the revenue Plaintiff would have made on sales it would have made without the infringement, less any additional expenses it would have incurred in making the sales.

- What a willing buyer reasonably would have paid Plaintiff to obtain a license to copy and sell Plaintiff's copyrighted work.

Plaintiff must prove actual losses by a preponderance of the evidence.

## JURY INSTRUCTION NO. 13

In addition to recovering for actual losses, Plaintiffs are entitled to recover the profits that Defendants made because of the infringement. Defendant's profits are recoverable, however, only to the extent that you have not taken them into account in determining Plaintiffs' actual losses. Defendant's profits are revenues that Defendants made because of the infringement, minus Defendant's expenses in producing; distributing; marketing; selling the infringing works. Plaintiffs need only prove Defendants' revenues. Defendant must prove his own expenses and any portion of his profits that resulted from factors other than infringement of Plaintiff's copyright.

## JURY INSTRUCTION NO. 14

Under the Copyright Act, each plaintiff is entitled to a sum of not less than $750 or more than $30,000 per act of infringement (that is, per copyrighted design sold or distributed without license), as you consider fair.

Here we have eleven (11) copyrighted designs that the Court has already determined were infringed by Defendants. In determining the appropriate amount to award, you may consider the following factors:

- the expenses that Defendant saved and the profits that it earned because of the infringement;

- the revenues that Plaintiff lost because of the infringement;

- the difficulty of proving Plaintiff's actual damages;

- the circumstances of the infringement;

- whether Defendant intentionally infringed Plaintiff's copyright; and

- deterrence of future infringement.

## JURY INSTRUCTION NO. 15

If Plaintiff proves by a preponderance of the evidence that Defendants willfully infringed Plaintiff's copyright, then you may, but are not required to, increase the statutory damage award to a sum as high as $150,000 per copyrighted work.

## JURY INSTRUCTION NO. 16

If Defendants prove that they innocently infringed Plaintiff's copyright, then you may, but are not required to, reduce the statutory damage award to a sum as low as $200 per copyrighted work. Infringement is considered innocent if Defendants proves that they did not know, and had no reason to know, that their acts constituted infringement.

## JURY INSTRUCTION NO. 17

Infringement is considered willful if Plaintiff proves that Defendants knew that their actions constituted infringement of Plaintiff's copyright.

## JURY INSTRUCTION NO. 18

In determining the just amount of statutory damages for an infringing defendant, you may consider the willfulness of the defendant's conduct, the defendant's innocence, the defendant's continuation of infringement after notice or knowledge of the copyright or in reckless disregard of the copyright, effect of the defendant's prior or concurrent copyright infringement activity, and whether profit or gain was established.

## JURY INSTRUCTION NO. 19

There are two types of evidence that are generally presented during a trial — direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

## JURY INSTRUCTION NO. 20

The knowledge that a person possesses at any given time may not ordinarily be proved directly, because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence, which may aid in your determination of that person's knowledge.

# JURY INSTRUCTION NO. 21

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. The form reads: [THE FORM WAS READ TO THE JURY]. You will take this form to the

jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the court security officer that you are ready to return to the courtroom.